## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**MARLON R. JACKSON**                                             **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 3:25-CV-431-JHM**

**ROEDERER CORRECTIONAL**                                             **DEFENDANT**
**COMPLEX,** *et al.*

## <u>MEMORANDUM OPINION</u>

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will dismiss this action without prejudice and with leave to file an amended complaint.

## I.

Plaintiff Marlon R. Jackson is a convicted prisoner formerly incarcerated at the Roederer Correctional Complex ("RCC").  He sues Defendants RCC, Kentucky Department of Corrections ("KDOC"), RCC Warden Ravonne Sims, Officer John Geisler, and Captain Dexter Tharp in their official capacities.  Plaintiff alleges that in February 2025, he was transported to the RCC for classification.  Plaintiff was informed that the beads and seashells that are knotted into his hair, which is in dreadlocks, would have to be removed.  Because they could not be removed, he was informed his hair would have to be cut pursuant to KDOC policies and procedures.  Plaintiff represents that he wears his hair in dreadlocks because of his religious and ethnic beliefs.

Plaintiff asserts that because he refused to cut his hair, he was placed in disciplinary housing for 22 days and was then released with no explanation.  On March 3, 2025, his case worker informed Plaintiff that the disciplinary action against him for his refusal to cut his hair had been dropped without a hearing and without notification.  Plaintiff claims that Defendants subjected him to religious and racial discrimination in their efforts to get him to cut his hair.  Plaintiff further

alleges that Defendants subjected him to cruel and unusual punishment by housing him in disciplinary segregation for 22 days.   As relief, Plaintiff seeks damages and seeks to stop Defendants from discriminating.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.   Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).   To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).   "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).   However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).   The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a

claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere."  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A.  RCC and KDOC

The RCC and the KDOC are agencies of the Commonwealth of Kentucky.  *See* Ky. Rev. Stat. § 15A.020.  A state and its agencies are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the RCC and KDOC.  A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144–46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119–24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978).  In enacting § 1983, Congress did not

intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193–94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). "[T]he Eleventh Amendment is a true jurisdictional bar" to such claims. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). Thus, Plaintiff's claims against the RCC and the KDOC must be dismissed.

### B. Official-Capacity Claims

Plaintiff sues Defendants Sims, Geisler, and Tharp in their official capacities. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). The warden and correctional officers are state employees or officials. Claims brought against state employees in their official capacities are no different from a suit against the Commonwealth of Kentucky. *See Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In as much as Plaintiff seeks damages from state employees in their official capacities, Plaintiff fails to allege cognizable claims under § 1983. *See id.* Further, the Eleventh Amendment acts as a bar to claims for damages against state employees or officers sued in their official capacities. *Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims against Defendants for monetary damages under § 1983 will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

Plaintiff also seeks injunctive relief against Defendants in their official capacity. However, since the incident, Plaintiff has been transferred from RCC to Northpoint Training Center. As such, Plaintiff's requests for injunctive relief against Defendants are subject to dismissal because

they have been rendered moot by Plaintiff's transfer from RCC. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Thus, Plaintiff's claims for injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

### C. Amended Complaint

Although the Court is dismissing this action for the above-stated reasons, the dismissal will be without prejudice and with leave for Plaintiff to file an amended complaint against the individual officers involved in the alleged incident. *See Rashada v. Fiegel*, No. 23-1674, 2024 U.S. App. LEXIS 7883, at *12 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend). If Plaintiff decides to file an amended complaint, he should sue the individual officers who were allegedly involved in the conduct in their individual capacities and explain how each officer violated his rights.

### IV.

For the foregoing reasons, the Court will enter a separate Order dismissing this action without prejudice and with leave to amend the complaint.

**IT IS ORDERED** that any amended complaint must be filed no later than **December 1, 2025**.

The **Clerk of Court is DIRECTED** to place this case number and the words "Amended Complaint" on a § 1983 complaint form and send it to Plaintiff for his use should he choose to file an amended complaint.

Date: October 27, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.014

5